**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Luis PATINO, Jr., Defendant–**
**Appellant.**

No. 08–50635.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 2009.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Robert Victor Garcia, Jr., Odessa, TX, for Defendant–Appellant.

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Following his conviction by a jury, Defendant–Appellant Luis Patino, Jr., appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. He raises two contentions on appeal, one as to his sentence and the other as to his conviction.

■ Patino contends that the district court committed clear error in sentencing him when it overruled his objection to a two-level increase in his offense level that was based on his leading role in the offense. The trial record and the presentence report (PSR) show that Patino forbade his common law wife and codefendant, Gloria Rayos, from dealing with male customers, that Rayos gave the proceeds of her sales to Patino, that Patino kept Rayos from leaving him by threatening to expose her as a fugitive, and that Patino dealt with the couple's drug supplier. This evidence renders plausible the court's finding that Patino managed Rayos and exercised a leading or organizing role in the criminal conduct. *See United States v. Parker,* 133 F.3d 322, 330 (5th Cir.1998). The district court committed no clear error in sentencing Patino.

■ Patino also contends that the evidence was insufficient to convict him on either count. Patino does not contend that the evidence, if believed, failed to establish any element of either crime. Rather, he argues that the testimony was "factually insubstantial." This argument is merely an assertion that the testimony of Rayos and other witnesses was not worthy of belief because it was uncorroborated. It was exclusively for the jury to decide whether the witnesses were credible, and the witnesses' credibility is not an issue on appeal. *United States v. Johnson,* 381

---

F.3d 506, 508 (5th Cir.2004); *Brainin v. United States,* 317 F.2d 69, 69 (5th Cir. 1963). As the jury was entitled to believe the witnesses, the evidence was sufficient to allow the jury to find that the government proved all the elements of the offenses beyond a reasonable doubt. *United States v. Kay,* 513 F.3d 432, 452 (5th Cir. 2007), *cert. denied,* — U.S. ——, 129 S.Ct. 42, 172 L.Ed.2d 21 (2008).

Patino's conviction and sentence are, in all respects, AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be